**HALSBAND LAW OFFICES**
ATTORNEYS AT LAW
39 HUDSON STREET, 4TH FLOOR
HACKENSACK, NEW JERSEY 07601
PHONE: (201) 487-6249
FAX: (201) 487-3176

DAVID S. HALSBAND
ADMITTED TO NJ, NY & MA BARS

OF COUNSEL:
JYOTI M. HALSBAND
ADMITTED TO NJ & NY BARS

**Via First Class Mail**                                June 20, 2007

Helen E. Tuttle, Esq.
Drinker Biddle & Reath, LLP
500 Campus Park Drive
Floral Park, New Jersey 07932

Re:   **Battaglia v. Lowe's Home Centers, Inc.**
      **Index No. 3270/2007**

Dear Ms. Tuttle:

Pursuant to your letter dated June 19, 2007, enclosed please find for service on the Defendant the Summons and Complaint in the above-referenced matter.

Sincerely,

David S. Halsband





SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
-----------------------------------------------------------------X

JENNIFER BATTAGLIA,

                Plaintiff,

-against-

LOWE'S HOME CENTERS, INC.,

                Defendant.

-----------------------------------------------------------------X

SUMMONS

INDEX NO.: 3270/2007

Plaintiff designates Dutchess
County as the place of trial

The basis of venue if the
Plaintiff's residence

Plaintiff resides at 33 Charlotte Road
Fishkill, New York

To the above named Defendant:

    **You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within twenty (20) days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: Hackensack, New Jersey
        May 30, 2007

                HALSBAND LAW OFFICES

        By: _____
            David S. Halsband, Esq.
            Attorneys for Plaintiff Sharon Schumacher
            39 Hudson Street, 4th Floor
            Hackensack, New Jersey 07601
            (201) 487-6249 –and-
            -and- Co-Counsel for the Plaintiff
            Michael Tsang, Esq.
            Tsang Law Firm, P.C.
            14 Wall Street, 22nd Floor
            New York, New York 10005
            212.227.2246

To:    LOWE'S HOME CENTERS, INC.
        1000 Lowe's Boulevard
        Mooresville, North Carolina 28115
        704.758.2002

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
------------------------------------------------------------X

JENNIFER BATTAGLIA,

                Plaintiff,

-against-

LOWE'S HOME CENTERS, INC.,

                Defendant.
------------------------------------------------------------X

**VERIFIED COMPLAINT
DEMAND FOR JURY TRIAL**

**INDEX NUMBER:**
3270/2007

    Plaintiff, Jennifer Battaglia, by her attorneys, Halsband Law Offices, alleges for her Complaint as follows:

### JURY DEMAND

1. Plaintiff, Jennifer Battaglia, demands a trial by jury of all issues in this action.

### NATURE OF ACTION

2. Plaintiff seeks to recover damages against Defendant, Lowe's Home Centers, Inc., for unlawful employment practices in violation of the New York State Human Rights Law, Section 290 et seq. of the Executive Law of the State of New York (hereinafter, "Human Rights Law"), in particular, for terminating the Plaintiff's employment because of pregnancy and disability, discriminating against the Plaintiff in the terms and conditions of her employment because of her pregnancy and disabilities, failing to accommodate her disabilities, and for breach of contract and promissory estoppel.

### PARTIES

3. Plaintiff is an adult female and currently resides at 33 Charlotte Road, Fishkill, New York.

4. Upon information and belief, Defendant is, and all times mentioned hereinafter was, a corporation or other business entity authorized to do business pursuant to the laws of the State of New York.

5. Defendant maintains a business in Poughkeepsie, New York.

6. At all times mentioned herein, Defendant is in, and has been engaged in, the business of providing home furnishings and hardware supplies.

7. At all relevant times, Defendant employed Plaintiff.

8. Defendant is an "employer" as defined in Section 292(5) of the Human Rights Law.

## FACTS

9. Defendant employed the Plaintiff beginning in or about January 1999 at its store located in Poughkeepsie, New York.

10. At all times, the Plaintiff performed her job duties satisfactorily.

11. In or about April 2006, the Plaintiff learned that was pregnant with an estimated due date of late November or early December 2006.

12. On or about July 25, 2006, the Plaintiff, who was a Department Manager for the Defendant, began disability leave due to complications relating to her pregnancy.

13. Said complications relating to her pregnancy were a disability under the Human Rights Law.

14. The Defendant approved said leave from July 25, 2006 to April 16, 2007.

15. The Defendant provided the Plaintiff with said approval in writing.

16. The Defendant's written approval of the Plaintiff's leave from July 25, 2006 until April 16, 2007 was an unambiguous promise to the Plaintiff, upon which she relied, and her reliance upon said promise was reasonable and foreseeable to the Defendant.

17. The Plaintiff further relied on said promise to her detriment.

18. The agreement between the Defendant and Plaintiff with respect to the Plaintiff's dates of leave constituted a binding express contract.

19. The agreement between the Defendant and Plaintiff with respect to the Plaintiff's dates of leave constituted a binding implied contract.

20. In or about November 2006, the Plaintiff gave birth to her child.

21. On or about January 15, 2007, the Plaintiff notified the Defendant that she was able to return to work on or about January 22, 2007, rather than April 16, 2007. The Defendant again approved this request.

22. However, on January 22, 2007, prior to reporting to work, the Plaintiff unexpectedly required emergency surgery, including the removal of her gall bladder.

23. On or about January 22, 2007, the Plaintiff caused the Defendant to be notified of this emergency medical condition and thereafter the Defendant was notified that she needed to take disability leave until February 14, 2007.

24. The Defendant approved this leave.

25. The Plaintiff's medical condition that required removal of her gall bladder is a disability under the Human Rights Law.

26. The Plaintiff's removal of her gall bladder is a disability under the Human Rights Law.

27. The leave originally granted to the Plaintiff relating to her gall bladder disability was a reasonable accommodation that did not cause the Defendant undue hardship, especially since Defendant had previously approved her to take leave until April 16, 2007 and, even after the gall

bladder condition and surgery, Plaintiff would be returning to work well in advance of her original April 16, 2007 return date, which the Defendant had already approved.

28. The Plaintiff was scheduled to return to work on February 14, 2007 following her gall bladder surgery. The Defendant approved this date of return.

29. The Defendant's approval for the Plaintiff to return to work on February 14, 2007 was an unambiguous promise to the Plaintiff, on which the Plaintiff relied, and her reliance on said promise was reasonable and foreseeable to the Defendant.

30. The Plaintiff relied upon this promise to her detriment.

31. Incredibly, on or about February 12, 2007, the Defendant terminated the Plaintiff's employment.

32. By letter dated February 16, 2007, the Defendant explained that the Defendant terminated the Plaintiff's employment because she did not return to work as of February 15, 2007.

33. The Defendant's termination of the Plaintiff was because of the Plaintiff's pregnancy and disabilities and therefore unlawful pursuant to Section 290 et seq. of the Human Rights Law.

34. The Defendant's termination of the Plaintiff's employment was a breach of contract of the Defendant's agreement to allow the Plaintiff to return to work on February 14, 2007 and/or April 16, 2007.

35. Based on the foregoing, the Plaintiff has lost pay and benefits, suffered humiliation, embarrassment, and mental and physical anguish.

### AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION UNDER THE HUMAN RIGHTS LAW FOR UNLAWFUL TERMINATION AGAINST DEFENDANT BASED ON PREGNANCY

36. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

37. By and through their course of conduct as alleged above, Defendant and its agents willfully violated the Human Rights Law by terminating the Plaintiff's employment based on her pregnancy.

38. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION UNDER THE HUMAN RIGHTS LAW FOR UNLAWFUL TERMINATION AGAINST DEFENDANT BASED ON HER DISABILITIES

39. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

40. By and through their course of conduct as alleged above, Defendant and its agents willfully violated the Human Rights Law by terminating the Plaintiff's employment based on her disabilities.

41. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION UNDER THE HUMAN RIGHTS LAW FOR UNLAWFUL DISCRIMINATION AGAINST DEFENDANT BASED ON DISABILITIES

42. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

43. By and through their course of conduct as alleged above, Defendant and its agents willfully violated the Human Rights Law by discriminating against the Plaintiff in the terms and conditions of her employment based on her disabilities.

44. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### AS AND FOR PLAINTIFF'S FOURTH CAUSE OF ACTION UNDER THE HUMAN RIGHTS LAW FOR UNLAWFUL DISCRIMINATION AGAINST DEFENDANT BASED ON PREGNANCY

45. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

46. By and through their course of conduct as alleged above, Defendant and its agents willfully violated the Human Rights Law by discriminating against the Plaintiff in the terms and conditions of her employment based on her pregnancy.

47. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### AS AND FOR PLAINTIFF'S FIFTH CAUSE OF ACTION UNDER THE HUMAN RIGHTS LAW FOR UNLAWFUL FAILURE TO REASONABLY ACCOMMODATE PLAINTIFF BASED UPON HER DISABILITIES

48. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

49. By and through their course of conduct as alleged above, Defendant and its agents willfully violated the Human Rights Law by failing to provide the Plaintiff with reasonable accommodations based on her disabilities.

50. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### AS AND FOR PLAINTIFF'S SIXTH CAUSE OF ACTION AGAINST DEFENDANT FOR BREACH OF EXPRESS CONTRACT

51. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

52. By and through their course of conduct as alleged above, Defendant and its agents breached its express contract with the Plaintiff to allow her to return to work on February 14, 2007 and/or April 16, 2007.

53. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### AS AND FOR PLAINTIFF'S SEVENTH CAUSE OF ACTION AGAINST DEFENDANT FOR BREACH OF IMPLIED CONTRACT

54. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

55. By and through their course of conduct as alleged above, Defendant and its agents breached its implied contract with the Plaintiff to allow her to return to work on February 14, 2007 and/or April 16, 2007.

56. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### AS AND FOR PLAINTIFF'S EIGHTH CAUSE OF ACTION AGAINST DEFENDANT FOR PROMISSORY ESTOPPEL

57. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

58. By and through their course of conduct as alleged above, Defendant and its agents unambiguously promised the Plaintiff that she could return to work on February 14, 2007 and/or April 16, 2007.

59. Plaintiff relied on said promises.

60. Plaintiff's reliance on said promises was reasonable and foreseeable.

61. Defendant terminated the Plaintiff's employment, in breach of said promises.

62. As a consequence thereof, Plaintiff's reliance on said promises caused her to suffer injuries and damages in amounts to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court:

    (a)    accepts jurisdiction over this matter;

(b) impanels and charges a jury with respect to the claims for relief; and

(c) awards the following damages against Defendant:

   i. Back pay, front pay, and all benefits along with pre and post judgment interest, in amounts to determined at trial;

   ii. Punitive, liquidated, and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, physical injuries and emotional and physical distress in order to compensate her for the injuries she has suffered and to signal to other employers that discrimination in employment is repulsive to legislative enactments, in amounts to be determined at trial;

   iii. Attorneys' fees, costs, and expenses as provided for by the applicable statutes;

   iv. Any other relief which this Court deems just and equitable.

Dated: Hackensack, New Jersey
       May 30, 2007

                                        Respectfully submitted,

                                        HALSBAND LAW OFFICES

                                   By:  _____
                                        David S. Halsband, Esq.
                                        Attorneys for Plaintiff
                                        39 Hudson Street, 4th Floor
                                        Hackensack, New Jersey 07601
                                        (201) 487-6249
                                        -and- Co-Counsel for the Plaintiff
                                        Michael Tsang, Esq.
                                        Tsang Law Firm, P.C.
                                        14 Wall Street, 22nd Floor
                                        New York, New York 10005
                                        212.227.2246

## VERIFICATION

David S. Halsband, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at the Halsband Law Offices, attorneys of record for the Plaintiff. I have read the annexed Verified Complaint and know the contents thereof, and the same is true to my knowledge, except those matters which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not the Plaintiff is that the Plaintiff is not presently in the county where the attorneys of the Plaintiff maintain their offices.

Dated: Hackensack, New Jersey
May 30, 2007

_____
David S. Halsband

9