**DRINKER BIDDLE & REATH LLP**
500 Campus Drive
Florham Park, NJ 07932
Telephone: (973) 360-1100
Facsimile: (973) 360-9831

Attorneys for Defendant
Lowe's Home Centers, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JENNIFER BATTAGLIA,<br><br>    Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, INC.,<br><br>    Defendant. | Civil Action No. 07 Civ. 6501 (CLB)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant Lowe's Home Centers, Inc. ("Lowe's") by its undersigned attorneys, hereby answer the corresponding numbered paragraphs of Plaintiff's Complaint. To the extent that the allegations in any of those paragraphs are not specifically admitted, Defendant denies each and every such allegation.

## JURY DEMAND

1. Paragraph 1 states conclusions of law to which no responsive pleading is required.

## NATURE OF ACTION

2. Paragraph 2 states conclusions of law to which no responsive pleading is required. To the extent Plaintiff asserts factual allegations, Defendant admits only that

Plaintiff purports to bring a claim under the New York State Human Rights Law, Section 290 et seq., but denies that Plaintiff's action is appropriately brought.

## PARTIES

3. Defendant admits that Plaintiff is an adult female, but is without information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3 of the Complaint, and, therefore, denies same.

4. Admitted in part; denied in part. Defendant admits only that it is a business entity authorized to do business pursuant to the laws of the State of New York, but denies that it is a corporation of the State of New York.

5. Admitted.

6. Admitted.

7. Admitted. By way of further response, Plaintiff was employed with Defendant from January 9, 1999 to February 15, 2007.

8. Paragraph 8 states conclusions of law to which no responsive pleading is required. To the extent Plaintiff asserts factual allegations, Defendant admits that Lowe's is an "employer" within the meaning of the Human Rights Law.

## **FACTS**

9. Admitted.

10. Admitted in part; denied in part. Defendant admits only that Plaintiff performed her job duties, but denies all remaining allegations of paragraph 10 of the Complaint.

11. Admitted in part; denied in part. Defendant admits only that Plaintiff advised Lowe's representatives that she was pregnant and that her due date was in late November or early December 2006. Defendant lacks knowledge as to the remaining allegations of paragraph 11 of the Complaint and therefore, denies same.

12. Admitted in part; denied in part. Defendant admits only that Plaintiff, who was a Department Manager, began her leave of absence in late July 2006. The remaining allegations of paragraph 12 of the Complaint are denied.

13. Paragraph 13 states conclusions of law to which no responsive pleading is required. To the extent Plaintiff asserts factual allegations, Defendant admits only that Plaintiff purports to bring a claim relating to her alleged disability as defined under the New York State Human Rights Law, but denies that Plaintiff's action is appropriately brought.

14. Admitted in part; denied in part. Defendant admits only that Plaintiff completed an Employee Request for Leave form, which document speaks for itself.

15. Denied.

16. Denied.

17. Denied.

18. Paragraph 18 states conclusions of law to which no responsive pleading is required. To the extent Plaintiff asserts factual allegations, Defendant denies the allegations of paragraph 18 of the Complaint.

19. Paragraph 19 states conclusions of law to which no responsive pleading is required. To the extent Plaintiff asserts factual allegations, Defendant denies the allegations of paragraph 19 of the Complaint.

20. Admitted.

21. Admitted in part; denied in part. Defendant admits that Plaintiff contacted Human Resources to advise of her expected return to work in January 2007 and that Defendant expected Plaintiff to return to work, but denies the remaining allegations of paragraph 21 of the Complaint.

22. Admitted in part; denied in part. Defendant admits that Plaintiff did not return to work on the designated date and Plaintiff's mother contacted Human Resources and advised that Plaintiff required gall bladder surgery and, thus, would not be returning to work as expected. The remaining allegations of paragraph 22 of the Complaint are denied.

23. Admitted in part; denied in part. Defendant admits that, in January 2007, Plaintiff requested a leave of absence, but denies the remaining allegations of paragraph 23 of the Complaint.

24. Defendant admits that it approved Plaintiff's leave of absence. By way of further response, Defendant's Human Resources Department advised Plaintiff that, pursuant to Company policy, the maximum period that group benefits (medical, dental, vision, healthcare FSA, life and disability) can be continued during an absence is 180

days. Therefore, Plaintiff's leave request would exceed Plaintiff's 180 days resulting in the cancellation of her group benefits. Plaintiff refused to return to work without her group benefits.

25. Paragraph 25 states conclusions of law to which no responsive pleading is required. To the extent Plaintiff asserts factual allegations, Defendant admits only that Plaintiff purports to bring a claim relating to her alleged disability as defined under the New York State Human Rights Law, but denies that Plaintiff's action is appropriately brought.

26. Paragraph 26 states conclusions of law to which no responsive pleading is required. To the extent Plaintiff asserts factual allegations, Defendant admits only that Plaintiff purports to bring a claim relating to her alleged disability as defined under the New York State Human Rights Law, but denies that Plaintiff's action is appropriately brought.

27. Paragraph 27 states conclusions of law to which no responsive pleading is required. To the extent Plaintiff asserts factual allegations, Defendant denies the allegations of paragraph 27 of the Complaint.

28. Defendant admits that Plaintiff advised that she would return to work in mid-February 2007. By way of further response, Plaintiff refused to return to work without her full group benefits.

29. Denied.

30. Denied.

31. Admitted in part; denied in part. Defendant admits that Plaintiff was terminated effective February 15, 2007 for failing to return from leave, but denies the remaining allegations of paragraph 31 of the Complaint.

32. Defendant admits that Plaintiff's employment was terminated effective February 15, 2007 for failure to return from leave.

33. Denied.

34. Denied.

35. Denied.

## FIRST CAUSE OF ACTION

36. Defendant restates and incorporates by reference its answers to Paragraphs 1 through 35 of the Complaint as if set forth in full.

37. Denied.

38. Denied.

WHEREFORE, Defendant demands judgment in its favor and against the Plaintiff, together with attorneys' fees and costs, and such further relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION

39. Defendant restates and incorporates by reference its answers to Paragraphs 1 through 38 of the Complaint as if set forth in full.

40. Denied.

41. Denied.

WHEREFORE, Defendant demands judgment in its favor and against the Plaintiff, together with attorneys' fees and costs, and such further relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION

42. Defendant restates and incorporates by reference its answers to Paragraphs 1 through 41 of the Complaint as if set forth in full.

43. Denied.

44. Denied.

WHEREFORE, Defendant demands judgment in its favor and against the Plaintiff, together with attorneys' fees and costs, and such further relief as this Court deems just and proper.

### FOURTH CAUSE OF ACTION

45. Defendant restates and incorporates by reference its answers to Paragraphs 1 through 44 of the Complaint as if set forth in full.

46. Denied.

47. Denied.

WHEREFORE, Defendant demands judgment in its favor and against the Plaintiff, together with attorneys' fees and costs, and such further relief as this Court deems just and proper.

## FIFTH CAUSE OF ACTION

48. Defendant restates and incorporates by reference its answers to Paragraphs 1 through 47 of the Complaint as if set forth in full.

49. Denied.

50. Denied.

WHEREFORE, Defendant demands judgment in its favor and against the Plaintiff, together with attorneys' fees and costs, and such further relief as this Court deems just and proper.

## SIXTH CAUSE OF ACTION

51. Defendant restates and incorporates by reference its answers to Paragraphs 1 through 50 of the Complaint as if set forth in full.

52. Denied.

53. Denied.

WHEREFORE, Defendant demands judgment in its favor and against the Plaintiff, together with attorneys' fees and costs, and such further relief as this Court deems just and proper.

## SEVENTH CAUSE OF ACTION

54. Defendant restates and incorporates by reference its answers to Paragraphs 1 through 53 of the Complaint as if set forth in full.

55. Denied.

56. Denied.

WHEREFORE, Defendant demands judgment in its favor and against the Plaintiff, together with attorneys' fees and costs, and such further relief as this Court deems just and proper.

## EIGHTH CAUSE OF ACTION

57. Defendant restates and incorporates by reference its answers to Paragraphs 1 through 56 of the Complaint as if set forth in full.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

WHEREFORE, Defendant demands judgment in its favor and against the Plaintiff, together with attorneys' fees and costs, and such further relief as this Court deems just and proper.

## FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant terminated Plaintiff's employment for a legitimate, non-discriminatory reason.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to allege facts sufficient to entitle her to any of the damages or other relief she seeks, including but not limited to any claims for compensatory or punitive damages.

## FOURTH AFFIRMATIVE DEFENSE

At all times relevant to this action, Defendant has engaged in good faith efforts to comply with all state laws.

## FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff claims any damages, such damages are barred by Plaintiff's failure to mitigate.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from asserting some or all of her claims.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff was an at-will employee whose employment was not governed by a contract of employment, either express or implied.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant made all of its employment decisions with respect to Plaintiff based on factors other than her disability.

Dated: July 25, 2007                                   Respectfully submitted,

/s/ Helen E. Tuttle
Helen E. Tuttle, Esq. (HT-3120)
Thomas J. Barton, Esq., *pro hac pending*
Drinker Biddle & Reath LLP
500 Campus Drive
Florham Park, New Jersey 07932
(973) 360-1100

Attorneys for Defendant
Lowe's Home Centers, Inc.

SFNJ1 1184185v2