UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

JENNIFER BATTAGLIA,

                Plaintiff,                **AMENDED COMPLAINT**
-against-                                        **DEMAND FOR JURY TRIAL**

LOWE'S HOME CENTERS, INC.,

                                        **Civil Action No. 07 Civ. 6501 (CLB)**

                Defendant.
---------------------------------------------------------------------X

        Plaintiff, Jennifer Battaglia, by her attorneys, Halsband Law Offices, alleges for her Amended Complaint as follows:

## JURY DEMAND

1. Plaintiff, Jennifer Battaglia, demands a trial by jury of all issues in this action.

## NATURE OF ACTION

2. Plaintiff seeks to recover damages against Defendant, Lowe's Home Centers, Inc., for unlawful employment practices in violation of the New York State Human Rights Law, Section 290 et seq. of the Executive Law of the State of New York (hereinafter, "Human Rights Law"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., (hereinafter, "Title VII"), and the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq., ("ADA"), in particular, for terminating the Plaintiff's employment because of pregnancy and disability, discriminating against the Plaintiff in the terms and conditions of her employment because of her pregnancy and disabilities, failing to accommodate her disabilities, and for breach of contract and promissory estoppel.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over the Plaintiff's claims in this action pursuant to 28 U.S.C. § 1331, Title VII, the ADA, and under the principles of pendent jurisdiction.

4. This Amended Complaint was timely filed within 90 days of receipt of the Notice of Right to Sue dated March 20, 2008 from the United States Equal Employment Opportunity Commission, in accordance with this Court's Scheduling Order dated September 28, 2007, and by Stipulation of the parties.

5. The Defendants are found, transact business, have agents, and are within the jurisdiction of this Court.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

**PARTIES**

7. Plaintiff is an adult female and currently resides at 33 Charlotte Road, Fishkill, New York.

8. Upon information and belief, Defendant is, and all times mentioned hereinafter was, a corporation or other business entity authorized to do business pursuant to the laws of the State of New York.

9. Defendant maintains a business in Poughkeepsie, New York.

10. At all times mentioned herein, Defendant is in, and has been engaged in, the business of providing home furnishings and hardware supplies.

11. At all relevant times, Defendant employed Plaintiff.

12. Defendant is an "employer" as defined in Section 292(5) of the Human Rights Law.

13. The Defendant is an "employer" under Title VII and the ADA as it is engaged in an industry affecting commerce and has had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

## FACTS

14. Defendant employed the Plaintiff beginning in or about January 1999 at its store located in Poughkeepsie, New York.

15. At all times, the Plaintiff performed her job duties satisfactorily.

16. In or about April 2006, the Plaintiff learned that she was pregnant with an estimated due date of late November or early December 2006.

17. On or about July 25, 2006, the Plaintiff, who was a Department Manager for the Defendant, began disability leave due to complications relating to her pregnancy.

18. Said complications relating to her pregnancy were a disability under the Human Rights Law and the ADA because their were physical impairments that affected the Plaintiff's major life activities, such as working.

19. The Defendant approved said leave from July 25, 2006 to April 16, 2007.

20. The Defendant provided the Plaintiff with said approval in writing.

21. The Defendant's written approval of the Plaintiff's leave from July 25, 2006 until April 16, 2007 was an unambiguous promise to the Plaintiff, upon which she relied, and her reliance upon said promise was reasonable and foreseeable to the Defendant.

22. The Plaintiff further relied on said promise to her detriment.

23. The agreement between the Defendant and Plaintiff with respect to the Plaintiff's dates of leave constituted a binding express contract.

24. The agreement between the Defendant and Plaintiff with respect to the Plaintiff's dates of leave constituted a binding implied contract.

25. In or about November 2006, the Plaintiff gave birth to her child.

26. On or about January 15, 2007, the Plaintiff notified the Defendant that she was able to return to work on or about January 22, 2007, rather than April 16, 2007.  The Defendant again approved this request.

27. However, on January 22, 2007, prior to reporting to work, the Plaintiff unexpectedly required emergency surgery, including the removal of her gall bladder.

28. The Plaintiff's emergency medical condition that required the removal of her gall bladder constitutes a disability under the ADA because it is a physical impairment that substantially affects a major life activity, such as working, the Plaintiff has a record of said impairment, and/or the Plaintiff was regarded as disabled by the Defendant.

29. On or about January 22, 2007, the Plaintiff caused the Defendant to be notified of this emergency medical condition and thereafter the Defendant was notified that she needed to take disability leave until February 14, 2007.

30. The Defendant approved this leave.

31. The Plaintiff's medical condition that required removal of her gall bladder is a disability under the Human Rights Law and the ADA.

32. The Plaintiff's removal of her gall bladder is a disability under the Human Rights Law and the ADA.

33. The leave originally granted to the Plaintiff relating to her gall bladder disability was a reasonable accommodation that did not cause the Defendant undue hardship, especially since Defendant had previously approved her to take leave until April 16, 2007 and, even after the gall

bladder condition and surgery, Plaintiff would be returning to work well in advance of her original April 16, 2007 return date, which the Defendant had already approved.

34. The Plaintiff was scheduled to return to work on February 14, 2007 following her gall bladder surgery. The Defendant approved this date of return.

35. The Defendant's approval for the Plaintiff to return to work on February 14, 2007 was an unambiguous promise to the Plaintiff, on which the Plaintiff relied, and her reliance on said promise was reasonable and foreseeable to the Defendant.

36. The Plaintiff relied upon this promise to her detriment.

37. Incredibly, on or about February 12, 2007, the Defendant terminated the Plaintiff's employment.

38. By letter dated February 16, 2007, the Defendant explained that the Defendant terminated the Plaintiff's employment because she did not return to work as of February 15, 2007.

39. The Defendant's termination of the Plaintiff was because of the Plaintiff's pregnancy and disabilities and therefore unlawful pursuant to Section 290 et seq. of the Human Rights Law, the ADA, and Title VII.

40. The Defendant's termination of the Plaintiff's employment was a breach of contract of the Defendant's agreement to allow the Plaintiff to return to work on February 14, 2007 and/or April 16, 2007.

41. Based on the foregoing, the Plaintiff has lost pay and benefits, suffered humiliation, embarrassment, and mental and physical anguish.

### AS AND FOR PLAINTIFF'S FIRST CLAIM FOR RELIEF UNDER THE HUMAN RIGHTS LAW FOR UNLAWFUL TERMINATION <u>AGAINST DEFENDANT BASED ON PREGNANCY</u>

42. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

43. By and through their course of conduct as alleged above, Defendant and its agents willfully violated the Human Rights Law by terminating the Plaintiff's employment based on her pregnancy.

44. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### AS AND FOR PLAINTIFF'S SECOND CLAIM FOR RELIEF UNDER THE HUMAN RIGHTS LAW FOR UNLAWFUL TERMINATION <u>AGAINST DEFENDANT BASED ON HER DISABILITIES</u>

45. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

46. By and through their course of conduct as alleged above, Defendant and its agents willfully violated the Human Rights Law by terminating the Plaintiff's employment based on her disabilities.

47. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### AS AND FOR PLAINTIFF'S THIRD CLAIM FOR RELIEF UNDER THE HUMAN RIGHTS LAW FOR UNLAWFUL DISCRIMINATION <u>AGAINST DEFENDANT BASED ON DISABILITIES</u>

48. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

49. By and through their course of conduct as alleged above, Defendant and its agents willfully violated the Human Rights Law by discriminating against the Plaintiff in the terms and conditions of her employment based on her disabilities.

50. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### AS AND FOR PLAINTIFF'S FOURTH CLAIM FOR RELIEF UNDER THE HUMAN RIGHTS LAW FOR UNLAWFUL DISCRIMINATION AGAINST DEFENDANT BASED ON PREGNANCY

51. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

52. By and through their course of conduct as alleged above, Defendant and its agents willfully violated the Human Rights Law by discriminating against the Plaintiff in the terms and conditions of her employment based on her pregnancy.

53. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### AS AND FOR PLAINTIFF'S FIFTH CLAIM FOR RELIEF UNDER THE HUMAN RIGHTS LAW FOR UNLAWFUL FAILURE TO REASONABLY ACCOMMODATE PLAINTIFF BASED UPON HER DISABILITIES

54. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

55. By and through their course of conduct as alleged above, Defendant and its agents willfully violated the Human Rights Law by failing to provide the Plaintiff with reasonable accommodations based on her disabilities.

56. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### AS AND FOR PLAINTIFF'S SIXTH CLAIM FOR RELIEF AGAINST DEFENDANT FOR BREACH OF EXPRESS CONTRACT

57. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

58. By and through their course of conduct as alleged above, Defendant and its agents breached its express contract with the Plaintiff to allow her to return to work on February 14, 2007 and/or April 16, 2007.

59. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### AS AND FOR PLAINTIFF'S SEVENTH CLAIM FOR RELIEF
### AGAINST DEFENDANT FOR BREACH OF IMPLIED CONTRACT

60. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

61. By and through their course of conduct as alleged above, Defendant and its agents breached its implied contract with the Plaintiff to allow her to return to work on February 14, 2007 and/or April 16, 2007.

62. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### AS AND FOR PLAINTIFF'S EIGHTH CLAIM FOR RELIEF
### AGAINST DEFENDANT FOR PROMISSORY ESTOPPEL

63. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

64. By and through their course of conduct as alleged above, Defendant and its agents unambiguously promised the Plaintiff that she could return to work on February 14, 2007 and/or April 16, 2007.

65. Plaintiff relied on said promises.

66. Plaintiff's reliance on said promises was reasonable and foreseeable.

67. Defendant terminated the Plaintiff's employment, in breach of said promises.

68. As a consequence thereof, Plaintiff's reliance on said promises caused her to suffer injuries and damages in amounts to be determined at trial.

### AS AND FOR PLAINTIFF'S NINTH CLAIM FOR RELIEF UNDER
### TITLE VII FOR UNLAWFUL TERMINATION
### AGAINST DEFENDANT BASED ON PREGNANCY

69. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

70. By and through their course of conduct as alleged above, Defendant and its agents willfully violated Title VII by terminating the Plaintiff's employment based on her pregnancy.

71. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### AS AND FOR PLAINTIFF'S TENTH CLAIM FOR RELIEF UNDER TITLE VII FOR UNLAWFUL DISCRIMINATION AGAINST DEFENDANT BASED ON PREGNANCY

72. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

73. By and through their course of conduct as alleged above, Defendant and its agents willfully violated Title VII by discriminating against the Plaintiff in the terms and conditions of her employment based on her pregnancy.

74. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### AS AND FOR PLAINTIFF'S ELEVENTH CLAIM FOR RELIEF UNDER THE ADA FOR UNLAWFUL TERMINATION AGAINST DEFENDANT BASED ON DISABILITIES

75. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

76. By and through their course of conduct as alleged above, Defendant and its agents willfully violated the ADA by terminating the Plaintiff's employment based on her disabilities.

77. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### AS AND FOR PLAINTIFF'S TWELFTH CLAIM FOR RELIEF UNDER THE ADA FOR UNLAWFUL DISCRIMINATION AGAINST DEFENDANT BASED ON DISABILITIES

78. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

79. By and through their course of conduct as alleged above, Defendant and its agents willfully violated the ADA by discriminating against the Plaintiff in the terms and conditions of her employment based on her disabilities.

80. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### AS AND FOR PLAINTIFF'S THIRTEENTH CLAIM FOR RELIEF UNDER THE ADA FOR UNLAWFUL FAILURE TO REASONABLY ACCOMMODATE PLAINTIFF BASED UPON HER DISABILITIES

81. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

82. By and through their course of conduct as alleged above, Defendant and its agents willfully violated the ADA by failing to provide the Plaintiff with reasonable accommodations based on her disabilities.

83. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays that this Court:

    (a)    accepts jurisdiction over this matter;

    (b)    impanels and charges a jury with respect to the claims for relief; and

    (c)    awards the following damages against Defendant:

        i.    Back pay, front pay, and all benefits along with pre and post judgment interest, in amounts to determined at trial;

        ii.    Punitive, liquidated, and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, physical injuries and emotional and physical distress in order to compensate her for the injuries she has suffered and to signal to other employers that discrimination in employment is repulsive to legislative enactments, in amounts to be determined at trial;

      iii.    Attorneys' fees, costs, and expenses as provided for by the applicable statutes;

      iv.    Any other relief which this Court deems just and equitable.

Dated: Hackensack, New Jersey  
      March 27, 2008

Respectfully submitted,

**HALSBAND LAW OFFICES**

By:    s/David S. Halsband  
      David S. Halsband (DH 4609)  
      Attorneys for Plaintiff  
      39 Hudson Street, 4th Floor  
      Hackensack, New Jersey 07601  
      (201) 487-6249